Zimmerman, J.
The description of the real estate involved, used by the state Department of Highways, is known as a center-line survey, refers to stations or monuments placed at certain spaced distances in the center of a roadway for the purposes of constructing such roadway, has no relation to adjoining lands and is without reference to metes and bounds as those terms are generally understood. The interpretation and application of such description generally necessitate the services of a surveyor. It is contended by the respondent that such a survey or description is inadequate for index purposes, and that neither the auditor nor the recorder can tell the exact location of the land described, other than that it is embraced in a recorded plat.
At the trial, William H. Pinkerton, a survey engineer in the Hamilton County engineer’s office, testified, as follows, for the respondent:
“Q. Mr. Pinkerton, using relator’s exhibit Number 1, is the description sufficient for plotting on the Hamilton County auditor’s records or from the ascertainment of records on file in the county recorder’s office? A. As to the first half of your question, I could plot this, yes. On the second half of your question, it cannot be related to property lines as they now exist in the present descriptions.”
Also, Ivan I. Perkins, an attorney at law in Cincinnati specializing in real estate title examinations, testified, as follows, for respondent:
“Q. I’ll show you relator’s exhibit Number 1 and ask you from that, from the description contained therein, whether or not you could tell exactly how this easement would affect property adjoining thereto or how this easement would affect the property if you were examining the same. A. It would be impossible to relate description as shown in this instrument to those property lines and monuments on the ground. I mean *113 by that lot lines, street lines, intersections of streets, or other monuments which may be on the ground. There would be no correlation, no distances given between center line of right of way or edge of right of way and adjoining parcels of real estate.”
Relator called as a witness on rebuttal Lawrence E. Jack-man, a professional surveyor, who testified that he had examined relator’s exhibit No. 1, and that it was an accurate, definite and certain description of the easement conveyed to the state by the center-line description method. On cross-examination, he testified that the mathematical calculations required to identify the easement conveyed consumed about a day and a half, and that only a surveyor could perform the task.
Also testifying for relator on rebuttal was Ernest Caroselli, an attorney at law of Cincinnati and vice-president of the Land Title Guarantee & Trust Company with a branch office in Cincinnati, specializing in real estate law, who testified that from exhibit No. 1 he could identify the easement purported to be conveyed but that the average attorney title examiner in order to do so would “have to have the help of a surveyor; he’d have to have a considerable amount of experience in the handling of real estate transactions.”
On its own initiative, the court called two witnesses. The first was Leo Weinberger, an attorney at law of Cincinnati experienced in the examination of titles. He described a center-line survey and the difference between that and a strictly metes and bounds survey. He stated that he had examined exhibit No. 1; that it was incorrect; that, in his opinion, from the description contained in such exhibit, the recorder of Hamilton County could not make a pertinent description of the easement conveyed therein for index purposes; and that “there is no accurate description here which in my opinion would enable the property to be definitely located and platted unless you got possibly a registered surveyor * * # there is no point given [in exhibit No. 1] which bears any relation to the survey or the property of the General Electric. ’ ’
The second witness called by the court was Lawrence A. Poetker, an attorney in Cincinnati for 35 years and a title examiner of long standing. He stated that he had heard Wein *114 berger’s testimony and that he concurred therein. He then proceeded to tell why, in his judgment, the easement conveyed is unidentifiable from the center-line survey made.
We are dealing here with registered land, and Section 5309.79, Revised Code, provides that in every voluntary instrument used to transfer a part of land conveyed by a certificate of title “an accurate description of such part enabling it to be definitely located and platted shall be given.”
A county recorder is an elected public official charged with the performance of duties as prescribed by statute. Section 317.01 et seq., Revised Code. We think that, in the performance of those duties, he, as a ministerial officer, may exercise some discretion and is not absolutely required to-accept, record and index every instrument presented to him.
The Court of Appeals found in effect from the evidence before it that, by the center-line survey employed, the description of the easement conveyed is not sufficiently definite, accurate and detailed to require the respondent to accept for record and index the same, and that the relator had failed to establish that the respondent wqs chargeable with the nonperformance of a duty specially enjoined by law in his refusal to accept, record and index the instruments in issue.
From the record before us, we are not prepared to say that the Court of Appeals was wrong in its conclusion, and its judgment is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Taft, Matthias, Bell and O’Neill, JJ., concur.
Herbert; J., not participating.